1-8-2021   Dear Honorable Judge Casper,

I am asking the Court to appoint me a attorney specifically to assist in filing the responce to the AUSA's responce to my 2255.
The previouse lawyer Frank Camera told my family he will not do it and will not refund any money to retain another lawyer to do it.
I have no access to my discovery or the phone extractions, and still need to review the phone extractions to the phones the AUSA never handed over.
I have no access to a law library or my transcripts.
I need a lawyer your Honor to bring before you these things that prove the AUSA, the informant Joeseph Guinerri, and Agent Rideout lied to the grand jury, the Jury at trial and most of all YOU and the Court.
The AUSA witheld discovery that undermined the Govt.'s whole case.
I need a lawyer to present to the court the recordings that I am specifically reffering too, cause I am not reffering to the "Vincent Aberco" jail calls the AUSA speaks of.
These recordings prove I was not a supplier and did not have drugs to supply Joeseph Guinerri, prove I did not know Harry Parsons or his supplier nor supply the informant with drugs as the AUSA claims.
The phone extractions prove even more, the AUSA does not deny he knew his informant was not able to purchase drugs from me cause he was in Florida at the time the Govt. claims the conspiracy began, but asked you to charge me with 100 grams for the months Joeseph Guinerri was in Florida getting pills and for the months the informant admitted he didn't purchase drugs, even for the month of March 2013 and I was in prison, And the Court did sentence me to those. If the AUSA witheld evidence that proves I'm innocent of selling the drugs he asked the Jury to convict me of, And asked you to sentence me too, shouldn't I be able to present that to you and the Court?
I even have proof he lied in his responce about when he gave Mr. Gillespie the extractions, the AUSA claims he gave the 6 months

saying he sending him the copy of the phone extractions and he doesn't intend to use any of them at trial, but he did.

He wrote this letter, AUSA Chris Pohl on 3/19/2015, my trial started 3/24/2015.

He states he is re-sending the extractions cause on 3/11/2015 Gillespie told him he misplaced the ones he gave him on 3/1/2015.

For the record your Honor I would like to attach stuff like that to my responce, I need a lawyer to do so.

USP Lee has been locked down since March 2020, cause of Covid-19. I recently tested positive for the virus and not even allowed to make the 5 minute phone call allowed mon, wed, and Fri. Cause I'm in isolation, cause I'm positive.

Cause how this prison keeps putting inmates with positive results with ones who tested negative, we all keep testing positive so we are now stuck on quarintine/isolation.

I beg the court to appoint me a lawyer specifically from the list who specialize in 2255 to file my responce cause it is IMPOSSIBLE for me to do so for the reasons I've stated in this letter. The AUSA himself said he agrees with my 2255 but will not concede.

I meet all standards for "Interests of Justice", for appointment of counsel. DeRoiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991) (petitioner seeking appointment of counsel in habeas case must establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights". In assessing whether "exceptional circumstances" exist, a "court must examine the total situation, focusing ... on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.")

Toron v United States, 281 F.Supp.2d 591, 593 (E.D.N.Y 2003) (factors considered in determining whether to appoint counsel in a habeas case include the petitioner's likelihood of success on the merits, the complexity of the legal issues raised, and the petitioner's ability to investigate and present the case.)

Instances where Appointment was Granted in this Court.
United States v Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (interest of justice warranted appointment of counsel for petioner who showed fair likelihood of success on constitutional claim; claim was factually complex and legally intricate; facts were underdeveloped and petitioner was hampered from investigating claims due to indigence and incarceration.)

United States v. Gonzalez-Vazquez, 219 F.3d 37, 42 (1st Cir. 2000) (ordering appointment of counsel for § 2255 movant who presented allegations of ineffective assistance that were serious and supported by the record.)

§ 18. USC 2255 Rule 6(a)
A judge, for good cause, authorize a party to conduct discovery under the Fed. Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principales of Law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18. USC. § 3006A.